SILAS SAWYER, Impleaded with
HIRAM F. MEAD,

*v.*

FRANCIS A. DANIELS.

1. JUDGMENT—*need not be for the precise amount laid in the declaration—may be for a less sum.* The rule is, that a party may recover a less sum as damages, than he has laid in his declaration. He is never confined to the precise amount for which suit is brought.

2. NEW TRIAL—*verdict against the evidence.* Where the evidence has been fairly presented to the jury, and they have passed upon it, and the weight of evidence sustains them in their conclusion, their finding will not be disturbed.

APPEAL from the Superior Court of Chicago.

The facts in this case are fully stated in the opinion.

Messrs. CLARKSON & VANSCHAACK, for the appellant.

*Note by Reporter.—On the question of jurisdiction, see *Boren* v. *Smith et al.*, 47 Ill. 482.

Mr. A. E. GUILD, Jr., for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the Superior Court of the City of Chicago, by Francis A. Daniels, against Silas Sawyer and Hiram F. Mead, on an account for goods, wares and merchandize sold and delivered, money paid, &c., and on account stated. Process was served on Sawyer alone, who pleaded the general issue, accompanied by an affidavit of merits.

The cause was tried at the October term, 1867, the defendant not appearing, and a verdict rendered for the plaintiff for six hundred and fourteen 50-100 dollars, for which judgment was entered. Subsequently, at the same term, this judgment was vacated on the affidavit of Sawyer, the court ordering, on so vacating the judgment, that the cause should be tried on the merits.

On the second trial, the same verdict was rendered, which the court refused, on defendant's motion, to set aside, and entered judgment thereon.

To reverse this judgment, the defendant has appealed to this court, and makes the point, that as no bill of items accompanied the account sued on, the plaintiff should have been confined to the proof of the account as stated.

The account, as stated, showed one thousand dollars as the amount due, and the proof was, and that, too, by the defendant's own affidavit in support of his motion to vacate the first judgment, that the sum of six hundred and fourteen dollars, fifty cents, was the precise amount due. The rule is well settled, a party may recover less than he claims—he is never confined to the precise amount for which he brings suit. Stating in the account accompanying the declaration, an item of one thousand dollars, on one account stated, did not prevent the plaintiff from showing a less amount due, and the more

especially in a case when a defendant is under terms to try the case on its merits.

Appellant makes the point, the verdict was contrary to the evidence. The proof of the account was fully established by the plaintiff, as well as by the defendant in his affidavit, and there can be no doubt of its entire accuracy. The contention is, appellant insists this account against his firm was made over, or transferred, by plaintiff to the firm of Loop & Daniels, with whom appellant's firm had mutual dealings, and in which the account in question was included and settled.

This claim of appellant was left to the jury on all the evidence, and they have ignored such a state of facts, and the weight of evidence sustains them in their conclusion, that there was no such transfer. The evidence fully sustains the verdict.

Appellant makes the point that his fourth instruction was improperly refused.

This instruction proceeds upon the ground that a transfer of the account having been made as claimed, the plaintiff was thereby prevented from bringing and maintaining an action upon it, and on this hypothesis it was properly refused. The plaintiff alone could sue—he alone had the legal right.

The judgment is affirmed.

*Judgment affirmed.*